Merits.
The defendants aver that they have made application for homestead on the lands as a part of the public domain subject to homestead entry. Their claims are based on notices of the Register andl Receiver of the Land Office, at Monroe, La., inviting homestead settlers on the same. It is alleged that they had received instructions; that the lands granted to the railroad company, between the Ouachita and Red rivers, had been open to public entry. No such-instructions have been shown to have been issued, and it is a moral certainty that had they been issued, the original would be found in the government records at Washington. The fact, is that, in 1856, • Thomas A. Hendricks, Commissioner of the General Land. Office, withdrew these lands from sale, on the expected approval of the act of Congress of June 8, 1856, by the President, and it may be safely asserted that since that date they have never been open to entry. This is corroborated by the decree of the United States Supreme Court, recognizing the force and validity of the mortgage placed on the railroad and these lands, and their sale under the decree of the court, and the repeated action of one of the executive departments of the Federal government in recognizing, on the certificates of the Governor of Louisiana, the claim of the road to the lands granted to it by Congress. This recognition is not found in this record, but it is a part of the history of the corporation — not important in deciding this case, but merely stated incidentally. The fact still remains that the lands have not been restored to the public domain and that no department of the Federal government has done any act to disturb the rights of the road to these lands.
The other matters alleged as defences in the answers do not concern these defendants and are personal to the grantor. It is immeterial to them whether the road in its construction was diverted from its original line; how the State disposed of the trust confided to it *1242 by the General government; in what manner the lands were sold by the corporation; whether they were exempt from seizure and sale for debt; in what manner the road acquired possession of these lands; all these matters are questions for the Federal government to consider, and so long as it is satisfied with the manner in which the trust was exe cuted and the road built, no one else can complain. It is very certain that the defendants can not act for the government, and by any act of theirs, or any judicial proceeding they may invoke, restore these lands to the public domain against the wishes and desires of the Federal government, the grantor.
We have mentioned these defences, as the defendants assert this case presents issues not heretofore decided by this court. But we think they are all embraced within the issues in the cases of the Railroad vs. Sledge, 41 An. 896; Mower vs. Kemp, 42 An. 1007, and State vs. Railroad Company, 44 An. 981. In these cases we decided that the government of the United States, not having asserted by legislative act or judicial construction the forfeiture for the breach of the condition, the apparent legal title is in the railroad company acquiring rights under the foreclosure of the mortgage. In other words the title of the railroad to the lands granted is good against anybody except the government of the United States. We did not discuss the rights of the road as against the Federal government, as our decree would not be binding upon that authority.
In the case of Railroad vs. Sledge the defendant entered upon the railroad land with the intention of acquiring the right to enter the land if ever it should be open to public entry. In this case the defendants made affidavits for homestead entries. But the land was not open for such purposes. The defendants may have been deceived, but this does not alter the character of their entry upon the lands of the plaintiff. They went on them without any color of right or authority and stand in the same position as the defendant Sledge in the case referred to. Possession is solely the prima facie evidence of title. The entry on the land was unlawful, and as no title other than the trespass is exhibited, the defendant can not dispute the apparent title of plaintiff. Stille vs. Shull, 41 An. 816.
Judgment affirmed.